IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV363-MU

| | | |
|---|---|---|
| MEINEKE CAR CARE CENTERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| A.B. FREEMAN ENTERPRISES, LLC and | ) | |
| ANTHONY B. FREEMAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court upon Plaintiff's Verified Complaint and Motion for

Preliminary and Permanent Injunction, filed August 19, 2005, and Defendants' Motion to

Dismiss, filed September 23, 2005.

On January 26, 2006, the court directed the parties to report to the court their current

contentions with regard to whether Defendants have ceased using Meineke trademarks. The

parties' reports reveal that there remains a disagreement regarding this issue. Accordingly, the

court must proceed to deal with the Defendant's Motion to Dismiss.

Defendants urge the court to dismiss Plaintiff's breach of contract claim on the basis of

abstention, as Defendants have filed a declaratory judgment action on the enforceability of the

non-compete clause in the Franchise Agreement in a Georgia superior court. The court notes

from the outset that "[a]bstention from the exercise of federal jurisdiction is the exception, not

the rule." Colorado River Water Conservation District v. United States, 424 U.S. 800, 813

(1976). Moreover, the federal courts have a "virtually unflagging obligation . . . to exercise the

jurisdiction given them." Id. at 817.

Abstention under Colorado River requires that (1) there be parallel proceedings in state and federal court, and (2) that "exceptional circumstances" exist to warrant abstention. Colorado River, 424 U.S. at 813. The Supreme Court has recognized several factors that a court may consider relevant when determining whether a particular case presents "exceptional circumstances." These include (1) the assumption by either court of jurisdiction over property; (2) inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal law is implicated; and (6) whether the state court proceedings are adequate to protect the parties' rights. Id. at 818; Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15-16 (1983).

The court must first determine whether the Georgia action and the action herein are "parallel proceedings." Parallel proceedings involve "substantially the same partes litigat[ing] substantially the same issues in different forums." New Beckley Mining Corp. v. International Union UMWA, 946 F.2d 1072, 1073 (4th Cir. 1991). However, actions that are virtually identical are not parallel if they raise different issues or seek different remedies. Id. at 1074.

In this matter, both actions arise from the same Agreement and involve the same parties. Beyond this, however, the similarities cease. There is no question that the actions raise different issues and seek different remedies. The Georgia action seeks a declaratory judgment as to the non-compete clause in the Franchise Agreement. The action herein seeks injunctive relief for trademark infringement and breach of contract. Because the two suits seek different remedies and involve different issues, the court finds that they are not parallel proceedings. Accordingly, it is unnecessary to examine the other abstention factors. See Al-Abood v. El-Shamari, 217 F.3d 225, 233 (4th Cir. 2000).

As an alternative to abstention, the Defendants urge the court to place an administrative hold on this case pending a final determination by the Geogia courts on the non-compete claim. The court finds that this action would be inappropriate and declines to do so.

Lastly, Defendants argue that this court lacks subject matter jurisdiction over the money damage claim due to the arbitration clause in the Agreement. The arbitration clause is contained in Section 17.2 of the Agreement and provides that disputes arising from or related to the Agreement be submitted for arbitration "on demand of either party." The court is informed that no party has filed a demand for arbitration. Accordingly, Meineke's claim for monetary damages is properly before the court.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby DENIED, and the court will proceed to schedule a hearing on Meineke's Motion for Preliminary Injunction.

Signed: March 14, 2006

Graham C. Mullen
United States District Judge